1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| SHIRLENE GONZALES, | Case No.: CV 10-00266 (SH) |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. Pursuant to 27 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Complaint; Defendant's Memorandum of Points and Authorities in Opposition to

Plaintiff's Complaint; and the Plaintiff's Reply to Defendant's Opposition), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the Commissioner's decision should be reversed and remanded.

On December 19, 2004, Shirlene Gonzales ("plaintiff") applied for a period of disability and disability insurance benefits, alleging inability to work since February 14, 2001. (AR 33-4). Hearings were held on July 10, 2007 and March 18, 2008. (AR 317, 228). On August 13, 2008, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled under the Social Security Act. (AR 30-40). Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision, plaintiff filed an action in this Court. (AR 7-10).

Plaintiff makes six challenges to the ALJ's Decision denying benefits. Plaintiff alleges that the ALJ erred in (1) failing to consider plaintiff's testimony regarding pain and limitations; (2) failing to consider lay testimony; (3) rejecting the medical opinion of treating physician, Dr. Ronald Zishka; (4) rejecting the medical opinion of treating physician, Dr. Julie Brown; (5) failing to properly develop the record; and (6) assessing plaintiff's residual functional capacity.

For the reasons set forth below, the Court finds that plaintiff's first claim of error has merit. Since the matter is remanded based on plaintiff's first claim of error, the Court will not address plaintiff's second through sixth claims of error.

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ failed to properly consider plaintiff's testimony regarding pain and limitations. Defendant asserts that the ALJ properly discredited the plaintiff's subjective allegations based upon substantial evidence of the record.

In this case, plaintiff testified during two separate hearings on July 10, 2007 and March 18, 2008. With respect to her physical impairments, plaintiff

testified that she has a compromised immune system due to her systemic lupus condition, and therefore, wears a mask to avoid getting sick. (AR 321-22). She also testified that her lupus condition causes severe joint pain of her hands, knees, ankles, shoulders, and hips. (AR 324). In addition to lupus, the plaintiff also testified that she had pleurisy, anemia, diabetes, asthma, sleep apnea (AR 324), and fibromyalgia (AR 325).

Due to her combined impairments, the plaintiff testified that she is in constant pain that affects her throughout the day. (AR 325). She also testified that due to her physical limitations, she is unable to sit, stand, walk for two hours without interruption, or climb stairs. (AR 354). As a result of her physical impairments, the plaintiff testified that she is fatigued and depressed. (AR 324, 327).

With respect to medication, the plaintiff testified that she takes painkillers, steroids, immunosuppressants, three different types of inhalers for her lungs, and additional medication to treat her anxiety, diabetes, high blood pressure, and seizures. (AR 332). However, she testified that she unable to take all her prescribed medications since she cannot afford them. (AR 350). The plaintiff's husband, who testified at the first hearing, also stated that plaintiff does not take all her medications since they do not have health insurance, and as a result, cannot afford them. (AR 343, 348). In addition, the plaintiff's husband testified that they would try their best to get the medications, whether through the internet or by purchasing generic medications. (AR 343).

Under the Social Security Act, once a plaintiff meets her burden of showing that she has been diagnosed with a medical impairment that could cause her symptoms, the ALJ must set forth clear and convincing reasons for rejecting pain testimony unless there is affirmative evidence showing that the claimant is malingering. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996). In addition, "an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."

3

Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991).  Instead, the ALJ must find the plaintiff's testimony not credible by "rely[ing] either on reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), on conflicts between [plaintiff's] testimony and [plaintiff's] own conduct, or on internal contradictions in that testimony." Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

In this case, the ALJ discredited the plaintiff's testimony concerning severe pain and physical complaints because of (1) a lack of objective medical evidence supporting plaintiff's testimony; (2) plaintiff's failure to comply with prescribed medication; and (3) plaintiff's inconsistent testimony concerning why she was not compliant with her prescribed medication. (AR 37-8). However, the Court finds that since there is no evidence that the plaintiff was malingering, neither of these reasons are "clear and convincing" for discrediting the plaintiff's testimony.

As to the first reason, the plaintiff asserts that she suffers from a series of medically-determinable impairments, including fibromyalgia, which is a disease that eludes objective measurement. See Benecke v. Barnhart, 379 F.3d 587, 590, 594 (9th Cir. 1983).  According to Benecke, "Fibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms." Id. at 590.  Common symptoms of fibromylagia include chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance.  Id. at 589-90.

Here, it is undisputed that the plaintiff has "an underlying impairment [fibromylagia] which is reasonably likely to be the cause of alleged pain."  See Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).  In fact, not only was the plaintiff's testimony consistent with the symptoms of fibromylagia (constant pain throughout her body, fatigue, sleep disturbance), but the ALJ acknowledged that plaintiff was diagnosed with the disease. (AR 34).  Moreover, the opinions

4

of Dr. Concepcion Enriquez, an examining physician, and Dr. Joselyn Bailey, a nontreating, nonexamining medical expert who testified at the hearing in which the defendant relies on in justifying discrediting the plaintiff's testimony, also acknowledged that plaintiff was diagnosed with fibromylagia.  (AR 149-53, 245-49, 281-90, 362, 366-7).  Since the plaintiff demonstrated an underlying impairment (fibromylagia) that is reasonably likely to be the cause of her alleged symptoms and pain, the ALJ erred in requiring objective, medical evidence to support the degree of disability alleged by the plaintiff, and therefore, erred in discrediting the plaintiff's testimony.[1]

With respect to the ALJ's second and third reasons, the ALJ opined that the claimant's testimony regarding her usage of prescription medications was "equivocal."  (AR 37).  Specifically, the ALJ noted that "[t]he claimant . . . testified that she could not afford medications, that she obtained samples from her doctors, and that she bought generics.  Each statement was used at various times.  These statements are not only inconsistent with each other, but demonstrate a patten of incessant embellishment characterizing her testimony."  (AR 37-8).  Since the ALJ found the plaintiff's testimony inconsistent, he ultimately concluded that the plaintiff had not been consistently taking prescribed medications.  (AR 37).  He specifically noted "low valproic acid levels," which was consistent with a finding that the plaintiff was not compliant with taking her anti-convulsant medication, Depakote. (AR 35, 38).

However, "[w]here a claimant provides evidence of a good reason for not taking medication for her symptoms, her symptom testimony cannot be rejected for not doing so."  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1998); see

---

[1] The Court notes that even if the ALJ's first reason had merit, such a finding would not be dispositive in determining whether the ALJ erred in discrediting the plaintiff's testimony since an ALJ cannot discredit a plaintiff's pain testimony solely on the lack of objective medical evidence. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings").

Case 8:10-cv-00266-SH   Document 18   Filed 10/07/10   Page 6 of 6   Page ID #:67

also <u>Reginnitter v. Commissioner of Soc. Sec</u>., 166 F.3d, 1294, 1297 (9th Cir. 1998) (explaining that it is impermissible to reject "a claimant's complaints for lack of treatment when the record establishes the claimant could not afford it.")

With these principles in mind, as plaintiff correctly asserts, her testimony concerning taking medication was not inconsistent.  The plaintiff and her husband both testified that they could not afford all of the medications, and therefore, resorted to other means, such as purchasing generic medications and obtaining samples from doctors.  Contrary to the ALJ's findings, nothing in these statements establish inconsistent testimony that would justify discrediting plaintiff's testimony.  The plaintiff's inability to afford medication was a valid explanation for inconsistently taking medication.

Accordingly, having found neither of the ALJ's reasons for discrediting plaintiff's testimony convincing, the Court concludes the ALJ erred in discrediting the plaintiff's testimony regarding pain and limitations.

**ORDER**

For the foregoing reasons, the Commissioner's decision is reversed and the matter remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. §405(g).

DATED: <u>October 7, 2010</u>

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

6